IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FILED
at ___O'clock & ___min. ___M
OCT 0 4 2006
United States Bankruptcy Court
Columbia, South Carolina (12)

| IN RE: | C/A No. 04-13373-JW |
|---|---|
| Fundador Roman and Mary Susan Roman, | Chapter 7 |
| Debtors. | ORDER |

This matter comes before the Court on a continued Notice of Settlement ("Settlement") filed by Robert F. Anderson ("Trustee") pursuant to Fed. R. Bankr. P. 9019. Trustee seeks to settle a certain post petition lawsuit ("Lawsuit") based upon a pre-petition claim brought by Fundador Roman and Mary Susan Roman ("Debtors") against Investors Title Insurance Company, David Simpson, and Andrew Riolo.[1] Debtors object to the proposed settlement. The Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.  Debtors filed for relief under Chapter 11 on November 8, 2004.

2.  Filed claims in this case exceed 2.4 million dollars.

3.  On or about April 11, 2005, Debtors filed the Lawsuit *pro se* in the York County Court of Common Pleas. The Lawsuit arises out of Debtors purchase of a residence in York County, South Carolina. Debtors allege defects of title and warranties associated with the purchase and allege negligence and malpractice by professionals hired by Debtors to assist them with the purchase and the preservation of their residence. Debtors seek damages in excess of one million dollars.[2]

---

[1] Investors Title Insurance Company issued title insurance on the residence purchased by Debtors. Simpson acted as Debtors' closing attorney and Riolo acted as Debtors' litigation attorney in a matter related to zoning matters concerning the use of the residence.

[2] This matter as a whole is complicated because there are apparently three separate lawsuits associated with Debtors' residence- one of which Trustee indicated at the first hearing may have merit and has not sought to settle. Settlement of the second action, a suit involving York County, was approved by this Court without objection from any party in interest.

4. The Lawsuit is based upon Debtors' pre-petition rights and is therefore property of Debtors' bankruptcy estate.

5. Debtors' case was converted to a case under Chapter 7 on May 31, 2005.

6. Debtors amended their schedules on July 7, 2005 and disclose the Lawsuit in their Schedule B.

7. Trustee was appointed as chapter 7 trustee of Debtors' case on July 26, 2005.

8. Debtors received a discharge pursuant to 11 U.S.C. § 727 on December 8, 2005.

9. Trustee seeks to settle the Lawsuit for $4,000.00.

10. This matter was initially heard on August 11, 2006 but, pursuant to an order entered August 22, 2006, continued until September 12, 2006 to allow the parties additional time to present evidence as to their respective positions. The August 22, 2006 order set forth the standard for granting the Settlement but declined to approve the Settlement on grounds that there was not convincing evidence that Trustee evaluated the merits of the action against each of the parties in light of the complex facts and state law issues involved in the Lawsuit. The Court suggested that Trustee further investigate the merits of the Lawsuit and consult with Debtors' counsel or other counsel to support his assessment of the value of the Lawsuit.

11. Debtors appeared at the hearing on September 12, 2006; however, their attorney did not appear. It does not appear that Trustee consulted with Debtors' attorney or another attorney experienced in the area of zoning laws and malpractice but is relying on the terms of the title policy, the pleadings in the Lawsuit, and Debtors' retainer agreement with Riolo.

## CONCLUSIONS OF LAW

Fed. R. Bankr. P. 9019(a) allows Trustee to settle the Lawsuit with the approval of the Court after notice and a hearing. As discussed in the prior order, to approve the Settlement the

Court must make an informed and independent determination that the Settlement is fair and equitable and in the best interest of Debtors' estate. See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163 (1968); St. Paul Fire & Marine Ins. Co. v. Vaughn, 779 F.2d 1003 (4th Cir. 1985). "In essence the court must determine whether the settlement falls below the lowest point in the range of reasonableness." See In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995).

At the hearing on September 12, 2006, Trustee raised the issue of Debtors' standing to challenge the settlement, since claims filed against the estate exceed the recovery pled in the Lawsuit. The Court inquired about Debtors' standing at the initial hearing but Trustee acknowledged Debtors standing after discussing the large amount sought by the Lawsuit. Assuming Debtors lack standing and that Trustee has not waived the issue, the Court nevertheless has an independent duty to determine whether the Settlement is in the best interest of the estate. See Maxwell Newspapers, Inc. v. Travelers Indem. Co., 170 B.R. 549, 550 (S.D.N.Y. 1994) (holding "Bankruptcy Judges have a fiduciary obligation to protect creditors, and the supervising court must play a 'quasi-inquisitorial role,' ensuring that all aspects of a proposed compromise are 'fair and equitable.'"); In re Miller, 344 B.R. 769, 771 (Bankr. W.D. Va. 2006) (holding "[t]his Court also believes, however, that it has an independent duty not to approve settlements which it believes to be contrary to pertinent provisions of the Bankruptcy Code.").

The following factors are considered in determining whether to approve a proposed compromise: 1) the probability of success on the merits, 2) the collectability of a resulting judgment, 3) the complexity, expense, inconvenience and delay attendant to continue the litigation; and 4) the interest of creditors. See Campbell v. Buchanan, C/A No. 99-09817-W,

3

Adv. Pro. No. 00-80057-W, slip op. at 6 (Bankr. D.S.C. Aug. 17, 2000). Trustee bears the burden of proof in demonstrating that the Settlement is in the best interest of the estate. See In re McNallen, 197 B.R. 215, 221 (Bankr. E.D. Va. 1995).

Considering these factors, the Court is not persuaded that Settlement is in the best interest of the estate. First, based upon a summary examination, it appears that there may be some merit to the Lawsuit as to the title insurance company for the following reasons. The insurance policy appears to cover a one to four family residential lot. Debtors indicate that they purchased a lot with two residences but were forced to remove portions of an existing residence, referred to as an in-law suite, due to the structure violating existing zoning laws. Provisions 12 and 13 of the title insurance policy potentially provide Debtors with a right of action against the title insurance company because of the forced removal of the useful portions of this structure and their inability to use the structure as a single family residence. Although the title insurance policy contains certain exclusions concerning zoning laws, in a cursory examination, those exclusions do not appear to limit Debtors' coverage under provisions 12 and 13 of the policy. Debtors also submitted a letter from the title insurance company in which the company acknowledges liability for the non-complying items installed in the in-law suite prior to purchase. The Court cannot find at this point that the merits of the Lawsuit as to the title insurance company are so tenuous as to warrant settlement of this matter for the modest sum of $4,000.00[3] considering Debtors extraordinary damages alleged and the title insurance company's apparent concession of liability.

Additionally, Debtors have alleged colorable claims of negligence and malpractice against the attorneys that assisted them in the purchase of the residence and their efforts to retain the in-law suite, claims which do not appear to be excluded by the retainer agreement, which

---

[3] The Court notes that when asked, Trustee could not allocate any portion of the settlement to each of the Defendants but merely indicated that it was a "package deal."

4

Trustee submitted into evidence, or appear to otherwise be barred under the scant theories stated by Trustee. As stated in the earlier order, this Court does not believe, based upon the evidence presented, that Debtors' claims would be barred by estoppel based upon their initial failure to list the Lawsuit in their schedules. Debtors promptly rectified what appears to be an inadvertent failure to list this claim in their schedules. There appears to be no prejudice to creditors due to Debtors' failure to list the claim nor was there reliance by the Court on these schedules as Debtors did not receive a confirmed plan or a discharge based upon the original schedules.

No evidence was presented that Trustee would not be able to collect any verdict from the defendants to the action. The Court presumes that these parties are solvent given that they are a title insurance company and two attorneys licensed to practice in South Carolina.

The third factor, at first, appears to weigh in favor of settlement. The Lawsuit appears complex and prosecution would delay distribution to creditors. However, Debtors have retained an attorney in the matter who appears fully informed and confident in their position and is willing to prosecute the action on a contingency fee basis, which would eliminate costs to the estate if the Lawsuit is ultimately unsuccessful. See In re Smart World Technologies, LLC, 423 F.3d 166, 179 (2nd Cir. 2005) (reversing the bankruptcy court's approval of settlement and finding "courts often view favorably the willingness of the party seeking derivative standing to absorb the costs of litigation, since such willingness not only demonstrates a belief in the merits of the claim, but also spares the bankruptcy estate from absorbing any further costs."); C.R. Stone Concrete Contractors, Inc., 346 B.R. 32, 50 (Bankr. D. Mass 2006) (noting that despite the complexity of the litigation, the desire of debtor's counsel to pursue the action on a contingency fee basis removes any burden on the estate). To date, the estate has not incurred any cost for pursuing the Lawsuit. Although Trustee has autonomy in selecting counsel to pursue the

Lawsuit, there appears to be at least one informed attorney with confidence in the Lawsuit and the willingness to pursue it on a contingency basis. With these considerations, this factor actually weighs against approving settlement considering that the Lawsuit appears to have some merit.

Finally, approval of the Settlement does not appear to be in the best interest of creditors of the estate. As recently discussed in C.R. Stone, there is little benefit for general unsecured creditors where settlement is nominal in comparison with the claims against the estate. See C.R. Stone, 346 B.R. at 51. The administrative claims alone in this case are likely to exceed the settlement amount considering the expenses associated with Trustee's repeated attempts to obtain approval of the Settlement. Debtors' claims appear to have possible merit and a recovery appears to be substantially more valuable to creditors than the proposed settlement of $4,000.00.

Despite the additional opportunity provided by the prior order, the Court is not persuaded by the evidence that the Settlement is in the best interest of the estate and therefore approval of the Settlement is denied. In order to provide some conclusion to this matter in controversy, within fifteen (15) days from the entry of this Order, Trustee is ordered to determine whether he will pursue the Lawsuit, to be indicated by the employment of special counsel, or determine whether to abandon the Lawsuit.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
October 4, 2006

6